IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-97-237-PHX-ROS |
| ) | CV-05–1653-PHX-ROS (LOA) |
| Plaintiff/Respondent, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| Michael Kevin Davis, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255. (document # 1288) Respondent has filed a response contending that the Motion should be dismissed as untimely, or alternatively, because Movant's claims are either procedurally barred or lack merit. (document # 1301) Movant has replied to the Response. (documents ## 1312, 1326)

**FACTUAL AND PROCEDURAL HISTORY**

On June 17, 1997, the grand jury returned an indictment charging Movant and several others with conspiracy to commit fraud, multiple counts of mail and wire fraud, and conspiracy to commit money laundering. (document # 1) On April 22, 1998, the grand jury returned a first superseding indictment. This indictment also charged Movant with conspiracy, multiple counts of mail and wire fraud, and conspiracy to commit money laundering. (document # 258)

1  Trial commenced on July 15, 1998. On November 12, 1998, the jury returned a
2 verdict finding Movant guilty of one count of conspiracy, fifteen counts of mail fraud,
3 thirteen counts of wire fraud, and one count to commit money laundering. (document #
4 655) On August 6, 1999, the court sentenced Movant to 88 months in prison and ordered
5 him to pay restitution of $8.7 million. (documents # 820, # 828)
6  On July 12, 2002, the Ninth Circuit affirmed Movant's conviction and sentence in
7 United States v. Johnson, 297 F.3d 845 (9th Cir. 2002). The Supreme Court denied Movant's
8 petition for writ of certiorari on March 3, 2003. Johnson v. United States, 537 U.S. 1242
9 (2003).
10  On May 27, 2004, over one year after the petition for writ of certiorari was
11 denied, Movant attempted to file a Motion to Vacate, Set Aside or Correct Sentence
12 pursuant to 28 U.S.C. § 2255. On August 3, 2004, the Honorable Judge Silver dismissed the
13 motion with leave to amend within thirty days of the Court's order. (document # 1236) On
14 March 5, 2005, after the deadline had expired, Movant filed a motion to extend the time in
15 which to comply with the August 3, 2004 order. (document # 1273) On April 29, 2005, the
16 Court denied Movant's motion but gave him thirty days in which to file a corrected or
17 amended § 2255 motion. (document # 1280) On May 31, 2005, Movant filed his "amended"
18 § 2255 motion which the Court ordered served on the United States Attorney. (document #
19 1291) Thereafter, Respondent filed a response asserting that the § 2255 motion should be
20 denied to which Movant has replied.

21  **STATUTE OF LIMITATIONS**

22  Respondent first argues that Movant's § 2255 motion should be denied as
23 untimely. Movant disputes that claim. The Anti-Terrorism and Effective Death Penalty
24 Act ("AEDPA") contains a one-year statute of limitations for motions filed under 28
25 U.S.C. § 2255. Specifically, § 2255 provides that the one-year limitations period runs from
26 the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on
27 which the impediment to making a motion created by governmental action in violation of the
28 Constitution or laws of the United States is removed, if the movant was prevented from

making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.

In this case, § 2255(1) applies and the limitations period runs from the date on which Movant's judgment of conviction became final.  Here, Movant's conviction became final on March 30, 2003, the day the United States Supreme Court denied his petition for writ of certiorari.  Accordingly, Movant's § 2255 motion was due on or before March 30, 2004.

Movant filed his initial § 2255 Motion on May 27, 2004, two months after the limitations period expired.  (document # 1223) Thus, Movant's § 2255 motion is untimely. The Court, therefore, need not reach the merits of Movant's claims unless Movant establishes a basis for equitable tolling.

## **EQUITABLE TOLLING**

The § 2255 limitations period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004)(clarifying that the limitations period contained in § 2255 is subject to equitable tolling). To qualify for equitable tolling, movant must establish that circumstances beyond his control or government misconduct made it impossible for him to file a timely § 2255 motion.  Id.   Equitable tolling is only appropriate when "external forces" account for petitioner's failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Movant bears the burden of establishing that he is entitled to equitable tolling.  Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807 (2005).   Movant asserts

that either of the following circumstances justifies equitably tolling the limitations period: (1) Movant "at times did not receive mail properly and does not recall March 30th date being sent (sic)"  (documents # 1312, # 1326); and (2) he was given the "wrong address to the District Court by prison institution which delayed receipt of 2255 by court."  (Id.)   Movant claims that he does not recall receiving a copy of the United States Supreme Court's March 30, 2003 Order denying his petition for writ of certiorari.  However, it appears that at some point he learned of the Supreme Court's ruling and, therefore, filed the pending § 2255 Motion.  Movant does not provide any specific details regarding when he first learned of the March 30, 2003 Order.   He merely states that he sometimes did not receive mail and does not recall receiving that Order.  In view of the lack of support for Movant's claim, the Court finds that equitable tolling is not appropriate based on Movant's claim that he did not receive notice of the Supreme Court's order denying his petition for writ of certiorari.

Movant further argues that prison officials gave him with the wrong address for the District Court.   Movant claims that prison officials gave him the address for this Court when it was located at 230 N. 1st Avenue in Phoenix, Arizona 85003.  He claims that he learned that the Court had moved to its current location at 401 W. Washington Street, Phoenix, Arizona 85003 only after he received returned mail.   This Court moved to its current location over the weekend of May 5-7, 2000.   Thus, the Court was at its new and current location well before Movant attempted to file his § 2255 motion in 2003.  Thus, Movant could have easily located the Court's correct address at that time.  Despite having been ordered to do so (document # 1321), Movant does not explain when he began researching the Court's address or when he first attempted to mail his § 2255 motion. Movant has not demonstrated a "causal relationship between [the prison official's conduct in giving him the wrong address] and the lateness of his filing."  Brown v. Shannon, 322 F.3d 768, 773 (3rd Cir. 2003).  Movant has not demonstrated that he "exercised reasonable care and diligence" in pursuing his § 2255 motion and that "through no fault or lack of diligence on [Movant's] part he was unable to sue before." Patraker v. The Council on the Environment of New York City, No. 02 Civ 7382 (LAK), 2003 WL 22336829, * 2-3

(S.D.N.Y. 2003).  Additionally, prison officials were not the only source from which Movant could have easily obtained the Court's correct address.  The Court finds that Movant's claim regarding his receipt of erroneous information about the Court's address does not warrant equitable tolling.

Additionally, Movant's status as an inmate and lack of legal assistance do not constitute extraordinary circumstances warranting equitable tolling.  See, Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that fact that an inmate law clerk was assisting petitioner does not relieve petitioner from personal responsibility of complying with the law); Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a pro se prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); United States v. Van Poyck, 980 F.Supp. 1108 (C.D.Ca. 1997)(defendant's inability to secure transcripts and four general lockdowns at prison lasting several days and allegedly eliminating access to the law library did not constitute extraordinary circumstances for purposes of tolling the one-year limitations period.).  In summary, equitable tolling is not appropriate in this case. Because Movant's § 2255 Motion is untimely and he fails to establish a basis for tolling the statute of limitations, the undersigned recommends dismissing the Motion.  Moreover, even if this matter were timely filed, Movant's claims are procedurally barred or lack merit.

## ANALYSIS

**I. Procedural Bar**

Movant's § 2255 Motion  raises the following claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial misconduct; (4) Miranda violation; (5) improperly admitted evidence; (6) improper jury forms; and (7) improper recording of Movant's telephone calls without his knowledge. (document # 1288)  With the exception of Ground one, most of Movant's claims were either not raised on direct appeal or were denied by the Ninth Circuit on direct appeal.  Movant did not raise on appeal the portion of

Grounds two and three which challenge the sufficiency of the evidence. However, he did present his other claims of prosecutorial and judicial misconduct on direct appeal.

Movant's failure to raise on direct appeal the challenges to the sufficiency of the evidence which he raises in Grounds two and three and his claims in Grounds four through seven results in a procedural default of those claims.

Section 2255 was not designed to give prisoners a second appeal. United States v. Dunham, 767 F.2d 1395, 1396 (9th Cir. 1985)("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."); United States v. Moss, 252 F.3d 993, 1001-03 (8th Cir. 2001)(citing Bousley v. United States, 523 U.S. 614, 621 (1998)(internal citations omitted))(habeas relief is an extraordinary remedy which is not designed to do the service of an appeal). Movant's failure to raise the aforementioned claims on direct appeals results in a procedural bar to raising those claims in the pending § 2255 motion. Accordingly, federal review is barred absent a showing that cause exists to excuse the lack of a direct appeal, and that "actual prejudice" resulted from the alleged errors. United States v. Frady, 456 U.S. 152, 167 (1982). Otherwise, movant must prove a gross miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495 (1986); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993)(stating that "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default and actual prejudice resulting from the claim of error.") The "cause and prejudice" standard requires the movant to show that "some objective factor external to his defense" impeded his efforts to raise the issue as required by each procedural rule," Coleman v. Thompson, 501 U.S. 722, 753 (1991), and that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 168.

Movant has not shown cause and prejudice for his failure previously to assert his claims on direct appeal or that a fundamental miscarriage of justice will result if this Court does not consider Movant's claims. Accordingly, § 2255 review of claims 2-7 is barred.

**II. Relitigation**

A federal prisoner is also precluded from relitigating in a § 2255 motion an issue he unsuccessfully raised on direct appeal. United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985)("Redd raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, this claim cannot be the basis of a § 2255 motion."). In Ground 2 (prosecutorial misconduct) and Ground 3 (judicial misconduct) Movant claims that there was insufficient evidence to convict him. Movant challenged the sufficiency of the evidence on direct appeal and the Ninth Circuit denied this claim. United States v. Johnson, 297 F.3d 845, 867-71 (9th Cir. 2002).

A § 2255 motion is not a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). The Ninth Circuit has held that:

> Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction. [O]r stated another way, grounds which were apparent when appellant appealed from his conviction, cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence.

Hammond v. United States, 408 F.2d 481 (9th Cir. 1969) (citations omitted).

Accordingly, Movant's challenge to the sufficiency of the sufficiency of the evidence has been previously litigated and rejected the by the Ninth Circuit, and therefore, is not properly raised in the pending § 2255 motion.

**III. Ineffective Assistance of Counsel**

In Ground 1, Movant argues that his trial counsel, Patrick E. McGillicuddy, was ineffective in failing to present an adequate defense. Movant claims that counsel: (1) failed to present a defense; (2) failed to present witnesses in Movant's defense, including Movant; (3) failed to hire an investigator; (4) laughed during the playing of one of the tape-recorded conversations of a co-conspirator; (5) failed to object with sufficient frequency during trial; (6) failed effectively to cross-examine Ricardo Simone; and (7) failed to request that the Court sever Movant's trial from that of his co-defendants. (document # 1288 at 4)

To prevail on a claim of ineffective assistance of counsel, Movant must establish that (1) counsel's representation fell below an objective standard of reasonableness; and (2)

- 7 -

he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688-692 (1984). To establish prejudice, movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Judicial scrutiny of counsel's performance must be highly deferential" and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In support of his claim that that counsel failed to launch an effective defense, Movant argues that counsel failed to call "countless witnesses" and failed to present a "plethora of evidence." (document # 1288) Movant further argues that counsel failed to present evidence of Movant's "outstanding community service to the young and old from all facets of the community." (Id.) Movant, however, fails to provide any specific information regarding the witnesses and evidence which counsel should have presented. Movant claims that he "told [counsel] things important to his defense and [counsel] didn't use them." Movant neither specifies what "things" he told counsel or explains how those "things" would have impacted his trial. Movant further claims that he requested that counsel hire an investigator. However, he does not explain for what purpose an investigator would have been used. Similarly, with respect to Movant's claim that counsel laughed during the playing of a tape-recorded conversation of a co-defendant, Movant has not offered any evidence in support of his claim. Moreover, Movant does not explain how counsel's laughter prejudiced him. Movant's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.); Tacquard v. Schriro, No. CV-03-2599-PHX-MHM (VAM), 2005 WL 3021791, * 2 (D.Ariz., Nov. 4, 2005).

Movant further contends that counsel should have objected more often and "clear[ed] things up when needed" during the testimony of Ricardo Simone (document # 1288). The Ninth Circuit considered and rejected this argument on direct appeal. Johnson, 297 F.3d at 857 n. 5 (finding that defendants were able to "significantly cross-examine

- 8 -

Simone about his plea agreement, and indeed succeeded in calling into question his credibility.") Additionally, as discussed below, Movant fails to establish that trial counsel was ineffective in failing to raise more objections to Simone's testimony.

Simone worked for American Eagle from April until October of 1997. (Tr. 8/19/98 at 2791-92) Simone was not charged in the first indictment, CR-97-237-PHX-RGS. Rather, on October 7, 1997, the Grand Jury indicted Eames, Rudisill, Simone, and others in a second case, CR-97-452 PHX-PGR. The second indictment alleged that Eames and Rudisill, while on pretrial release under the first indictment, along with Simone and others, resumed their fraudulent telemarketing activity after June 1, 1997, the cutoff date in the first indictment.

Simone was indicted and pleaded guilty in the second matter. During Movant's trial, the court limited Simone's testimony regarding American Eagle to events through June 26, 1997. (Tr. 8/20/98-99) The District Court court gave a limiting instruction that Simone's guilty plea in the second case was not evidence and could only be used for impeachment purposes. (Tr. 8/20/98 at 3017) The Court did not restrict cross-examination of Simone regarding his plea agreement, or his criminal and drug history. Defendants, including Movant, impeached Simone regarding these matters. (Tr. 8/19/98 at 2793, 2800-05, 2811-15; Tr. 8/25/98 at 3355-39, 3365-74, 3378-89, 3393-95, 3402-03, 3408-13, 3414-17, 3449-50, 3452-54; Tr. 8/26/98 3533-46, 3552-67, 3585-89, 3593-96, 3606-15, 3642-46, 3656-58, 3679-87)

On direct appeal, the Ninth Circuit addressed Simone's testimony in the context of the severance issue and found that the defendants, including Movant, were not prejudiced by the manner in which defense counsel and the trial court handled the cross-examination of Simone considering the overlapping nature of the two indictments. United States v. Johnson, 297 F.3d 845, 857 n. 5 (9th Cir. 2002).

The Ninth Circuit also addressed Movant's claim that his trial should have been severed from that of his co-defendants. The Ninth Circuit found that the district court properly denied Movant's motion for severance. Id. at 857-60. Therefore, the portion of

Movant's first ground for relief that pertains to severance issues was presented to the Ninth Circuit and, therefore, is procedurally barred.

In summary, Movant's claim of ineffective assistance of counsel fails. His allegations are unsupported, conclusory, and fail to establish that Movant suffered prejudice as a result of counsel's performance. Moreover, Movant concedes that trial counsel gave "a very effective closing argument," which "probably would have gotten an acquittal had proceedings and deliberations followed shortly after that . . . ." (document # 1288) Thus it appears that Movant was satisfied at one time with counsel's representation.

**IV. Conclusion**

Because Movant's § 2255 motion is untimely filed, or in the alternative because his claims are either procedurally barred or lack merit, his § 2255 motion should be denied.

Accordingly,

IT IS HEREBY RECOMMENDED that the Movant's Motion to Vacate, Correct, or Set Aside Sentence by person in Federal Custody pursuant to 28 U.S.C. § 2255 (document # 1288) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

1   / / /

3   Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of March, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 11 -