IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            )<br>                                                      )<br>            Plaintiff/Respondent,  )<br>                                                      )<br>vs.                                                 )<br>                                                      )<br>Michael Kevin Davis,                   )<br>                                                      )<br>            Defendant/Movant.       )<br>_____ ) | No. CR-97-237<br>       CV-05-1653-PHX-ROS<br><br>**ORDER** |

On March 9, 2006, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that the petition for writ of habeas corpus be denied. Movant filed timely objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1126 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985).

1    Movant's conviction became final on March 3, 2003 when the United States Supreme
2 Court denied his petition for writ of certiorari. 537 U.S. 1242 (2003). Movant did not file
3 his petition until May 27, 2004. Based on the petition not being filed within one year of his
4 conviction being final, the Magistrate Judge concluded that Movant's petition was untimely.
5 See 28 U.S.C. § 2255 (providing a one-year statute of limitations). Movant objects to this
6 conclusion by claiming that he "recalls a date of May 2003 of which he had one year to file
7 his 2255." According to Movant, the petition was timely submitted based on his convictions
8 becoming final in May 2003. Having reviewed the record, Movant's conviction was final as
9 of March 3, 2003. Thus, Movant's failure to file the current petition by March 3, 2004 makes
10 the petition untimely.

11    The Magistrate Judge discussed whether Movant is entitled to equitable tolling.
12 Movant did not file an objection to the finding that equitable tolling does not apply. The
13 Magistrate Judge correctly concluded that Movant is not entitled to tolling.

14    Accordingly,

15    **IT IS ORDERED** that the Report and Recommendation (Doc. 1327) is **ADOPTED**
16 and Movant's petition (Doc. 1288) is **DISMISSED WITH PREJUDICE**.

18    DATED this 12th day of April, 2007.

_____
Roslyn O. Silver
United States District Judge